JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAY BRUMFIELD,<br><br>    Petitioner,<br><br>    v.<br><br>M. B. BITER, Warden,<br><br>    Respondent. | Case No. CV 15-6860-MMM (JEM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION AND DENYING A CERTIFICATE OF APPEALABILITY** |

On September 3, 2015, Anthony Ray Brumfield ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition").

**PRIOR PROCEEDINGS**

On June 10, 2004, in Los Angeles County Superior Court, Case No. BA232436, Petitioner was convicted of murder (Cal. Penal Code § 187(a)), with a special circumstance finding that the murder was intentional and perpetrated by means of shooting from a motor vehicle (Cal. Penal Code § 190.2(a)(21)). Petitioner was sentenced to state prison for a term of life without the possibility of parole.

On January 7, 2009, Petitioner filed in this Court a petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, Case No. CV 09-0108-MMM (JEM) (the "2009 Petition"), challenging his 2004 conviction and sentence in Los Angeles County

Superior Court Case No. BA232436. On September 23, 2012, the 2009 Petition was denied on the merits and judgment was entered dismissing the action with prejudice.

On September 3, 2015, Petitioner filed the instant Petition, in which he again challenges his 2004 conviction and/or sentence in Los Angeles County Superior Court Case No. BA232436.

## DISCUSSION

The present Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶]
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts. In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court, the judge shall summarily dismiss the petition.

The instant Petition is a second or successive petition challenging Petitioner's conviction and/or sentence in Los Angeles County Superior Court Case No. BA232436. "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." Magwood v. Patterson, 561 U.S. 320, 330-31 (2010). There is no indication in the record that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition. "When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (internal quotation marks and citation omitted); accord Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam). Because the Petition is a "second or successive" petition, the Court lacks jurisdiction to consider it. See Magwood, 561 U.S. at 331 (if petitioner fails to obtain requisite permission from Court of Appeals, district court should dismiss second or successive petition); accord Burton, 549 U.S. at 152. Accordingly, the Court will dismiss the Petition without prejudice to Petitioner filing a new action if and when he obtains permission from the Ninth Circuit Court of Appeals to file a successive petition.[1]

///

///

///

---

[1] If Petitioner obtains permission to file a second petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. Any new petition will receive a new case number.

3

**CERTIFICATE OF APPEALABILITY**

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir. 1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478.

The Court is dismissing the Petition without prejudice because it is clearly a second or successive petition. In these circumstances, Petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 478.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. The Petition is **dismissed without prejudice** for lack of jurisdiction; and

2. A Certificate of Appealability is **denied**.

DATED: September 18, 2015

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

4